IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41402
Summary Calendar

_____


LENARD ALFRED SMOCK, JR.,

                                        Plaintiff-Appellant,

versus

UNIT HEALTH ADMINISTRATOR, Gurney Unit; UNIDENTIFIED DIXON,
Doctor, Gurney Unit; UNIDENTIFIED TALLIAFERRO, Lieutenant,
Gurney Unit; UNIDENTIFIED GUYTON, Correctional Officer,
 Gurney Unit,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:01-CV-391
--------------------
May 31, 2002

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Lenard Alfred Smock, Texas prisoner # 885088, appeals the
district court's dismissal without prejudice of his pro se, in
forma pauperis ("IFP") 42 U.S.C. § 1983 for want of prosecution.
The district court dismissed the appeal for want of prosecution
because two of the court's orders directed to Smock were returned
as undeliverable and the court concluded that Smock had failed to

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

provide the court with a current address. Smock has also moved for a jury trial, for appointment of counsel, and for his claims that were severed and transferred by the district court to be combined. Finally, Smock has filed a motion to expedite his appeal.

The decision to dismiss a case for want of prosecution is within the sound discretion of the district court. Green v. Forney Eng'g Co., 589 f.3d 243, 247 (5th Cir. 1979) (citing Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962)). We review such rulings for abuse of discretion. Id. "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' . . . necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link, 370 U.S. at 630-631; see also Fed. R. Civ. P. 41(b).

Smock's appellate brief argues the merits of his complaint but he does not challenge the district court's order dismissing the complaint for want of prosecution. Smock has thus waived the only issue for appeal, see Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987), and we find no abuse of discretion in the district court's ruling. This appeal is without arguable merit and is thus frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). It is therefore DISMISSED. See 5TH CIR. R. 42.2. Smock's motions are DENIED.

The dismissal of this appeal counts as one strike under the Prison Litigation Reform Act.  See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996).  Smock is WARNED that if he accumulates three "strikes" under 28 U.S.C. § 1915(g) he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED, MOTIONS DENIED, SANCTIONS WARNING ISSUED.